Debt upon an administration bond executed by the defendant John Norcom and the other defendants as his sureties for his administration on the estate of William Long, deceased, the execution of which was admitted. The breach assigned was the failure to pay the relators their respective distributive shares. The evidence established the *Page 196 
following case: In 1817, Thomas Long made his will, and bequeathed several slaves to three of his daughters, Mary, Sarah, and Harriet, and to the child or children with which his wife was supposed to be pregnant, to be divided among them when his daughter, Sarah, arrived to the age of 16 years, Sarah did arrive to the age of 16 years, and the slaves were divided among the legatees agreeably to the testator's will. William, the defendant's intestate and the son who was in ventre sa mere at the date of the will, afterwards died without issue, leaving brothers and sisters surviving him, the children of the testator. The two relators in this suit are the children of a brother and sister of William Long, the defendant's intestate, who died before him.
The testator, Thomas Long, by his will, made the following limitation of the property bequeathed as above: "And if either of my daughters or the child which my wife now appears pregnant with, as aforesaid, should die after the division, without lawful issue, it is my will that such part should be equally divided between my wife and my surviving children."
The question before the court was, whether the two relators were entitled to have any portion of the slaves which their uncle William derived from his father under the above request. The judge was of opinion that they were not entitled to any part of the said slaves.
The jury, under the instructions of his Honor, rendered a verdict for the defendants, and judgment being given accordingly the plaintiff appealed.
We concur in opinion with the judge of the Superior Court. The executory limitation over to the wife and surviving children on the death of his son, William Long, without issue, was not too remote. We have heretofore decided in several cases in this Court that such limitation was good. Threadgill v.Ingram, 23 N.C. 577; Skinner v. Lamb, 25 N.C. 155, and the cases there cited. The relators are not any of the surviving children of the testator, Thomas Long, at the death of William, and therefore they have no interest in the said legacy, which was given first to William Long and then over to the surviving children of the testator.
PER CURIAM. Affirmed.
Cite: Gibson v. Gibson, 49 N.C. 427. *Page 197